IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FILIBERTO CORREA, *on behalf of himself and all others similarly situated*, ) ) ) | |
| ) | Case No. 16-C- |
| Plaintiff, ) ) ) | |
| v. ) ) | |
| CYPRESS LAWN SPECIALISTS, INC., ) and ROBERT F. RATLIFF, ) ) | |
| Defendants. ) | **JURY DEMAND** |

## COMPLAINT

Plaintiff, as a Complaint against Defendants, alleges the following:

## NATURE OF THE CASE

1. This action is brought to remedy wage theft in violation of the Fair Labor Standards Act, the Illinois Minimum Wage Law, and the Illinois Wage Payment and Collection Act.

2. This is a collective action to remedy violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; and a class action pursuant to Federal Rule of Civil Procedure 23(b)(3) to remedy violations of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/4a, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/9, on behalf of a class of landscape workers represented by named Plaintiff Filiberto Correa (the "Class").

3. In violation of the FLSA, Defendants failed to pay Plaintiff and other similarly situated workers overtime compensation at the rate of one and one-half times their regular rates of pay for all hours worked in excess of 40 in a workweek. Defendants also violated the IMWL by failing to pay Plaintiff and similarly situated workers at the prescribed rate of one and one-half times the employees' regular wage rates for all overtime hours worked. Finally, Defendants violated the IWPCA by taking unauthorized deductions from employees' wages for uniform costs without obtaining written authorization at the time the deductions were made.

4. As a remedy for Defendants' illegal acts, Plaintiff seeks relief, on behalf of himself and similarly situated workers, including unpaid overtime wages, liquidated damages under the FLSA, state law penalties, other equitable make-whole relief, and attorney's fees and costs.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over Plaintiff's FLSA claims and this collective action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1337 (interstate commerce), and 29 U.S.C. § 216(b) (FLSA).

6. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they are so closely related to the federal claims that they form part of the same Article III case.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims occurred in this District.

## **PARTIES**

8. Plaintiff Filiberto Correa is an individual residing in the City of West Chicago, State of Illinois. Within the three-year period prior to the filing of this Complaint, Plaintiff Correa was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e), 820 ILCS 105/3(d), and 820 ILCS 115/2. Plaintiff Correa has signed and filed, along with this Complaint, written consent to sue pursuant to 29 U.S.C. § 216(b).

9. Defendant Cypress Lawn Specialists, Inc., which also does business as Cypress Lawns, Inc. ("Cypress"), is an Illinois corporation with a principal place of business in West Chicago, Illinois. Defendant Cypress offers various landscape maintenance, landscape construction, and snow removal services.

10. Defendant Cypress is, and at all times relevant was, an enterprise as defined in Section 3(r)(l) of the FLSA, 29 U.S.C. § 203(r)(l), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(l)(A).

11. At all times relevant, Defendant Cypress was an "employer" as defined in the FLSA, 29 U.S.C. § 203(s)(l)(A); the IMWL, 820 ILCS 105/3(c); and the IWPCA, 820 ILCS 115/2.

12. Defendant Robert F. Ratliff is the owner of Cypress and is responsible for oversight of its business operations. At all times relevant, Defendant Ratliff was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d); the IMWL, 820 ILCS 105/3(c); and the IWPCA, 820 ILCS 115/2.

13. Defendants Cypress and Ratliff jointly employed Plaintiff and similarly situated workers within the meaning of the FLSA, the IMWL, and the IWPCA and are jointly and severally liable for the violations of law asserted herein.

## FACTUAL ALLEGATIONS

14. During the three-year period prior to the filing of this Complaint, Plaintiff and similarly situated persons worked for Defendants Cypress and Ratliff.

15. At all times relevant, Plaintiff and similarly situated workers were required to report each workday to Defendants' headquarters.

16. At all times relevant, Plaintiff and similarly situated workers were assigned work on landscaping and maintenance projects for Defendants which included both general landscaping labor as well as the application of pesticides.

17. At all times relevant, and on a customary and regular basis, Plaintiff and similarly situated employees worked in excess of 40 hours in a given workweek.

18. At all times relevant, Defendants Cypress and Ratliff failed to pay Plaintiff and similarly situated workers overtime premium wages of one and one-half times their regular rates of pay for all hours worked in excess of 40 in a single workweek.

19. The means Defendants employed to engage in wage theft included paying Plaintiff and similarly situated workers for fewer hours than they actually worked and were reported on their time sheets and failing to pay them for hours worked on Saturdays.

20. In 2015, Plaintiff, and on information and belief, similarly situated workers, were subjected to payroll deductions for uniform costs, even though they did not provide contemporaneous written authorization for such deductions.

21. At all times relevant, Plaintiff worked with others similarly situated. On information and belief, the potential collective action and Class of similarly situated employees includes 30 to 50 laborers who suffered the same or similar wage theft violations as those described above.

## COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff Filiberto Correa brings Count I of this action pursuant to 29 U.S.C. § 216(b), on behalf of himself and all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct and who file written consent to sue ("the FLSA Class").

23. The FLSA Class, of which Plaintiff is himself a member, and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, is composed of and defined as follows:

> All landscaping laborers employed by Cypress Lawn Specialists, Inc. and Robert F. Ratliff to perform landscaping maintenance, landscaping construction, or other landscaping work at any time from September 2013 through the present.

24. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least 30 persons.

25. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated

damages, and attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous former employees are similarly situated with regard to their wages and claims for unpaid wages and damages and should receive notice and an opportunity to join this lawsuit pursuant to 29 U.S.C. § 216(b).

26. These similarly situated employees are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

27. Plaintiff Filiberto Correa brings Count II and Count III of this action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of himself and other members of the Rule 23 Class, defined as:

> All landscaping laborers employed by Cypress Lawn Specialists, Inc. and Robert F. Ratliff to perform landscaping maintenance, landscaping construction, or other landscaping work at any time from September 2013 through the present.

28. On information and belief, the Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Class, but upon information and belief, avers that it consists of at least 30 persons and that most do not speak English as a first language, are not well informed of their rights under federal and state wage theft statutes, and have limited access to lawyers.

29. There are questions of law or fact common to the Class, including but not limited to the following:

    a. whether Defendants violated 820 ILCS 105/4a by failing to pay named Plaintiff Correa and other members of the Class at the prescribed rate of one and one-half times the employees' regular wage rates for all overtime hours worked;

    b. whether Defendants violated 820 ILCS 115/9 by taking unlawful deductions from named Plaintiff Correa's and other Class members' pay for uniform costs without obtaining signed authorization at the time the deductions were made; and

    c. whether Defendant Ratliff was an "employer" of Plaintiff Correa and other Class members pursuant to the IMWL and IWPCA.

30. The claims of Plaintiff Correa are typical of the claims of other members of the Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendants and are based on the same legal theories as the claims of other Class members.

31. Plaintiff Correa will fairly and adequately protect the interests of the Class. His interests are not antagonistic to, but rather are in unison with, the interests of other Class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Class in this case.

32. The questions of law or fact that are common to the Class predominate over any questions affecting only individual Class members. The primary questions that will determine Defendants' liability to the Class, listed above, are common to the Class as a whole and predominate over any questions affecting only individual Class members.

33. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on judicial resources. In contrast, certification of the claims in Counts II and III pursuant to Federal Rule of Civil Procedure 23(b)(3) will enable the issues to be adjudicated for all Class members with the efficiencies of class litigation.

## COUNT ONE

**OVERTIME, FAIR LABOR STANDARDS ACT**
**ALL DEFENDANTS -- COLLECTIVE ACTION**

34. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

35. Defendants' practice and policy of not paying Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rates of pay for every hour they worked in excess of 40 hours in a workweek violated the FLSA, 29 U.S.C. § 207.

36. As a result of Defendants' practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

37. Defendants' violations of 29 U.S.C. § 207 were willful.

38. Defendants jointly employed Plaintiff and similarly situated workers pursuant to the FLSA and are jointly and severally liable for the FLSA violations.

## COUNT TWO

### OVERTIME, ILLINOIS MINIMUM WAGE LAW
### ALL DEFENDANTS -- CLASS ACTION

39. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

40. The Illinois Minimum Wage Law, at 820 ILCS 105/4a, provides that "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 ½ times the regular rate at which he is employed."

41. Defendants' practice and policy of not paying Plaintiff and other members of the Class overtime compensation at a rate of one and one-half times their regular rates of pay for all of their hours worked in excess of 40 hours in a workweek violated 820 ILCS 105/4a.

42. As a result of Defendants' violation of 820 ILCS 105/4a, Plaintiff and other members of the Class have been damaged in that they have not received wages due to them pursuant to 820 ILCS 105/4a.

43. Defendants jointly employed Plaintiff and other members of the Class pursuant to the IMWL and are jointly and severally liable for the IMWL violations.

## COUNT THREE

### ILLINOIS WAGE PAYMENT AND COLLECTION ACT
### ALL DEFENDANTS – CLASS ACTION

44. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

45. The IWPCA, at 820 ILCS 115/9, provides that " deductions by employers from wages or final compensation are prohibited unless such deductions are (1) required by law; (2) to the benefit of the employee; (3) in response to a valid wage assignment or wage deduction order; (4) made with the express written consent of the employee, given freely at the time the deduction is made."

46. Defendants' practice and policy of taking uniform deductions from Plaintiff's and other Class members' pay without obtaining contemporaneous written authorization violated 820 ILCS 115/9.

47. As a result of Defendants' violation of 820 ILCS 115/9, Plaintiff and other members of the Class have been damaged in that their wages have been reduced as a result of unauthorized deductions pursuant to 820 ILCS 115/9.

48. Defendants jointly employed Plaintiff and other members of the Class pursuant to the IWPCA and are jointly and severally liable for the IWPCA violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b) for pursuit of the claims asserted in Count I;

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to similarly situated workers that this litigation is pending and that they have the right to "opt-in" to this litigation by filing written consent to sue;

C. Award Plaintiff and similarly situated workers who file written consent to sue their unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

D. Issue an order certifying the Class pursuant to Federal Rule of Civil Procedure 23(b)(3) for pursuit of the claims asserted in Counts II and III;

E. Award Plaintiff and the Class actual damages for unpaid overtime compensation and unauthorized uniform deductions;

F. Award Plaintiff and the Class penalties in the amount of 2% of the underpayment per month for the length of the violations of the IMWL and IWPCA pursuant to 820 ILCS 105/12 and 820 ILCS 115/14(a);

G. Award Plaintiff and the Class reasonable attorneys' fees, costs, and litigation expenses pursuant to 29 U.S.C. § 216(b), 820 ILCS 105/12 and 820 ILCS 115/14(a); and

H. Award Plaintiff and the Class pre- and post-judgment interest at the statutory rate; and

I. Order such further and additional relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all eligible claims and issues.

| | |
|---|---|
| Dated: September 22, 2016 | Respectfully submitted, |

                                              WILLENSON LAW, LLC

/s Marni Willenson
Marni Willenson
marni@willensonlaw.com
542 S. Dearborn St., Suite 610
Chicago, IL 60605
312-508-5380 [Telephone]
312-508-5382 [Facsimile]

FARMWORKER & LANDSCAPER
ADVOCACY PROJECT

Meghan A. VanLeuwen
mvanleuwen@flapillinois.org
33 N. LaSalle St., Suite 900
Chicago, IL 60602
312-784-3541 [Telephone]

Counsel for Plaintiff

12